26SL-CC02720

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| TIMOTHY DALLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| TISA JOHNSON | ) | |
| Serve: | ) | Division No. |
| 8605 Girard St. | ) | |
| Hyattsville, MD 20785 | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Timothy Dallas, by and through undersigned counsel of record, and for his causes of action against Defendant Tisa Johnson hereby states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Timothy Dallas is an individual over the age of eighteen (18) residing in St. Louis County, Missouri.

2.  At all times relevant hereto, Defendant Tisa Johnson was an individual over the age of eighteen (18) residing in St. Louis County, Missouri.

3.  Jurisdiction and venue are proper in this Court pursuant to R.S.Mo. § 508.010 because the injuries alleged herein occurred in St. Louis County.

**FACTS COMMON TO ALL COUNTS**

4.  At all times relevant hereto, Defendant owned a home located at 5618 Madlar Lane, Florissant, Missouri 63034.

5.  At all times relevant hereto, Defendant owned, operated, possessed, managed, maintained, and/or controlled the real property and premises located at 5618 Madlar Lane, Florissant, Missouri 63034 (the "Subject Premises").

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM

6.  At all times relevant hereto, Defendant was responsible for the maintenance, inspection, repair, and upkeep of the Subject Premises, including all walkways, stairways, landings, and the areas adjacent thereto.

7.  On or about August 14, 2021, Plaintiff Timothy Dallas was invited to the Subject Premises by Defendant.

8.  At all times relevant hereto, Plaintiff was an invitee of Defendant and was lawfully on the Subject Premises with Defendant's knowledge, consent, and invitation.

9.   On August 14, 2021, at approximately 1:00 p.m., while on the Subject Premises, Plaintiff descended the stairs attached to the exterior deck of the Subject Premises.

10. At the same time and place, as Plaintiff was descending the stairs, Plaintiff attempted to traverse the landing at the bottom of the exterior deck stairs.

11. At the same time and place, the landing of the exterior deck stairs was surrounded by wooden edging as pictured below.

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM



12. At the same time and place, Plaintiff placed his left foot on the wooden edging directly in front of the bottom stair.

13. On August 14, 2021, said wooden edging was in an unstable, loose, and defective condition such that when Plaintiff placed his foot thereon, the wooden edging rolled or gave way beneath him, causing Plaintiff to lose his footing, fall, and sustain severe and permanent injuries to his left ankle and lower extremity in the process.

14. The unstable wooden edging created a dangerous condition on Defendant's premises, which involved an unreasonable risk of harm to invitees, including Plaintiff.

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM

15. The dangerous, defective, and unsafe condition of the wooden edging had existed for a sufficient period of time prior to the incident that Defendant knew or, in the exercise of reasonable care should have known of said dangerous condition.

16. As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiff sustained severe and permanent injuries including, but not limited, to a Type III open fracture of his left ankle that required open reduction and internal fixation, lacerations to his left leg from bone protrusion, and pain in his left ankle; and as a result suffered medical expenses, loss of enjoyment of life, disability, disfigurement, pain and suffering, mental anguish, all in the past and is reasonably likely to incur such additional damages in the future.

## COUNT I – NEGLIGENCE

17. Plaintiff adopts and incorporates all previous paragraphs of this Petition as though fully set forth herein.

18. At all times relevant hereto, Defendant maintained control over the Subject Premises and was responsible for its care, management, and maintenance.

19. On August 14, 2021, Defendant owed a duty to Plaintiff, an invitee, to exercise ordinary care to maintain the Subject Premises in a reasonably safe condition and to protect Plaintiff from both known dangers and those that would be revealed by Defendant's inspection. This duty included making the Subject Premises reasonably safe and/or providing adequate warnings about dangerous conditions.

20. The wooden edging surrounding the landing of the above pictured stairs constituted a dangerous condition on the Subject Premises, which created a reasonably foreseeable risk of harm and injury, including the kind of which Plaintiff suffered.

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM

21. Defendant knew or by using ordinary care should have known of the dangerous condition posed by the wooden edging.

22. Defendant breached her duties owed to Plaintiff and acted negligently in at least one or more of the following ways:

   a. Failing to maintain the wooden edging in a reasonably safe condition;

   b. Failing to remove, barricade, remedy, and/or warn of the dangerous condition on the Subject Premises;

   c. Failing to properly affix the wooden edging to the ground;

   d. Failing to properly inspect the Subject Premises for dangerous conditions;

   e. Failing to take ordinary safety measures to protect invitees from injury;

   f. Plaintiff reserves the right to supplement as discovery reveals further acts of negligence

23. The foregoing acts and omissions of Defendant constitute negligence on the part of Defendant which directly caused or contributed to cause Plaintiffs injuries and damages,

24. Defendant knew or in the exercise of ordinary care should have known that Defendant's above-described negligence could cause injury to others, including Plaintiff.

25. As a direct and proximate result of Defendant's negligence, Plaintiff was caused to sustain severe and permanent injury as explained herein.

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount that is fair and reasonable and in excess of $25,000.00, for his costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II – PREMISES LIABILITY

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM

26. Plaintiff adopts and incorporates all previous paragraphs of this Petition as though fully set forth herein.

27. At all times relevant hereto, Defendant maintained control over the Subject Premises and was responsible for its care, management, and maintenance.

28. On August 14, 2021, Defendant owed a duty to Plaintiff, an invitee, to exercise ordinary care to maintain the Subject Premises in a reasonably safe condition and to protect Plaintiff from both known dangers and those that would be revealed by inspection. This duty includes making the Subject Premises reasonably safe or providing adequate warnings about dangerous conditions.

29. The wooden edging bordering the landing of the exterior staircase constituted a dangerous condition in that it was loose, unstable, improperly secured, and capable of rolling or shift when any weight or pressure was plied thereto, creating an unreasonable risk of harm to persons, like Plaintiff, using the staircase and the adjacent landing area.

30. Defendant knew or by using ordinary care should have known of the dangerous condition posed by the wooden edging.

31. Defendant failed to use ordinary care to remove, remedy, barricade, and/or warn of this unreasonably dangerous condition.

32. As a direct and proximate result of the aforesaid dangerous condition on the Subject Premises and Defendant's failure to use ordinary care to remedy, warn, or barricade said condition, Plaintiff suffered severe and permanent injuries as described herein.

33. As a direct and proximate result of Defendant's negligence and the dangerous condition located on the Subject Premises, Plaintiff sustained severe and permanent injuries, and damages as described herein.

Electronically Filed - St Louis County - March 25, 2026 - 02:05 PM

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount that is fair and reasonable and in excess of $25,000.00, for his costs incurred herein, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

34. Plaintiff hereby demands a jury trial on all issues.


Respectfully submitted,

**SCHMITT TEMPLIN, LLC**

 _/s/ Hunter J. Schmitt_____
Ben T. Schmitt MO # 36828
Hunter J. Schmitt MO # 73931
2600 Grand Blvd. Ste. 380
Kansas City, MO 64108
Phone: 816.400.1000
Fax: 816.389.4015
ben@kansascitylawyers.com
hunter@kansascitylawyers.com

**ATTORNEYS FOR PLAINTIFF**